UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOLORES ROSE PEERS,

    Plaintiff,

v.                                       Case No. 8:20-cv-1619-T-35AEP

JAMES MARTIN BROWN, *et al.*,

    Defendants.
_____/

## ORDER

This cause comes before the Court upon Plaintiff's motion seeking entry of a clerk's default against Defendants James Martin Brown ("Brown") and Ashley M. Aulls ("Aulls") (collectively, "Defendants") (Doc. 25) and Brown's response in opposition thereto (Doc. 26). By the motion, Plaintiff seeks entry of a clerk's default against Defendants, arguing that Defendants failed to respond to the Amended Complaint. For the reasons that follow, Plaintiff's motion is denied.

Plaintiff filed her Amended Complaint on October 16, 2020 (Doc. 18). In response, Defendants filed their respective motions to dismiss on October 29, 2020 (Docs. 19 & 20). Plaintiff essentially contends that Defendants failed to file a response to the Amended Complaint and, therefore, a clerk's default should be entered against Defendants. Plaintiff's contention lacks merit, however.

Under Federal Rule of Civil Procedure 12, a defendant must serve an answer within 21 days after being served with the summons and complaint. Fed. R. Civ.

P. 12(a)(1)(A)(i). To the extent that an answer or other responsive pleading is required, a party must assert every defense to a claim for relief in any pleading in that responsive pleading. Fed. R. Civ. P. 12(b). A party may assert defenses, including the lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted, by motion as long as the motion asserting such defenses is made before a responsive pleading is filed. Fed. R. Civ. P. 12(b). Serving such a motion under Rule 12 alters the time period for filing a responsive pleading in that, if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within fourteen days after notice of the court's action. Fed. R. Civ. P. 12(a)(4)(A). Where a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend in the action, and such failure is demonstrated by affidavit or otherwise, only then must the clerk enter the party's default. Fed. R. Civ. P. 55(a).

In this instance, both of the motions to dismiss were timely filed and sought, among other things, dismissal of Plaintiff's Amended Complaint for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted. Those motions remain pending. As such, Defendants have properly responded to the Amended Complaint and are not required to file an answer until the Court disposes of the motions to dismiss. *See Lockwood v. Beasley*, 211 F. App'x 873, 876 (11th Cir. 2006) (*per curiam*) (finding that a district court did not abuse its discretion by denying the *pro se* plaintiff's motions for default due to the defendants' failure to file an answer where the defendants filed a motion to dismiss for failure to state a

claim and noting that the defendants were not required to file an answer until the district court disposed of their motion to dismiss). Accordingly, it is hereby

ORDERED:

1. Plaintiff's Motion for Default to the Clerk of the Circuit Court (Doc. 25) is DENIED.

DONE AND ORDERED in Tampa, Florida, on this 12th day of January, 2021.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record
 Plaintiff, *pro se*
 Defendant, *pro se*